IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PABLO HERNANDEZ, | § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. H-19-4528 |
| SHERIFF ED GONZALEZ, *et al.*, | § § § | |
| *Defendants.* | § | |

**ORDER OF PARTIAL DISMISSAL**

Plaintiff is a pretrial detainee in custody of the Harris County Sheriff's Office ("HCSO") awaiting trial on charges for aggravated assault of a family member. He filed this *pro se* section 1983 lawsuit against Harris County Sheriff Ed Gonzalez and a fellow pretrial detainee, Byron Garrick. Plaintiff claims that he was assaulted in jail by Garrick, and that Sheriff Gonzalez failed to protect him from the assault. He seeks monetary damages.

To state a claim under 42 U.S.C. § 1983, a plaintiff must: (1) allege a violation of rights secured by the Constitution or the laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). "Under color of state law" excludes from its reach purely private conduct, no matter how wrongful the conduct. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982).

Defendant Garrick, as a pretrial detainee in custody of the HCSO, was a private individual, not a state actor. Private action may be deemed state action, for purposes of section 1983, only where the challenged conduct "may be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Plaintiff in this instance has alleged no facts to support a claim that Garrick's assaultive conduct against him was "fairly attributable to the State." *See Priester v. Lowndes County*, 354 F.3d 414, 423 (2004). Consequently, plaintiff raises no plausible claim against Garrick for purposes of section 1983.

Because the Court is dismissing all of plaintiff's federal claims against Garrick, it declines to exercise supplemental or pendent jurisdiction over any state law claims plaintiff may have raised against Garrick.

Plaintiff's section 1983 claims for assault against defendant Byron Garrick are **DISMISSED WITH PREJUDICE** for failure to state a viable claim for relief under section 1983.

This is an interlocutory order.

Signed at Houston, Texas, on this the 4th day of February, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE