IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PABLO HERNANDEZ, § | |
| § | |
| *Plaintiff*, § | |
| § | Civil Action No. H-19-4528 |
| v. § | |
| § | |
| SHERIFF ED GONZALEZ, § | |
| § | |
| *Defendant*. § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a pretrial detainee in custody of the Harris County Sheriff's Office ("HCSO"), proceeds *pro se* and *in forma pauperis* in this section 1983 lawsuit against Harris County Sheriff Ed Gonzalez. Defendant Gonzalez filed a motion to dismiss under Rule 12(b)(6) on January 8, 2020 (Docket Entry No. 4), and served plaintiff a copy of the motion at his address of record that same date. Despite expiration of a reasonable period of time of nearly three months, plaintiff has failed to respond to the motion and the motion is deemed uncontested.

Having reviewed the motion to dismiss, the pleadings, and the applicable law, the Court **GRANTS** the motion to dismiss and **DISMISSES** this lawsuit for the reasons explained below.

## I. BACKGROUND AND CLAIMS

Plaintiff is a pretrial detainee in custody of the HCSO awaiting trial on charges for aggravated assault of his boyfriend. Plaintiff identifies himself as a member of the "LGBTQ

community." He indirectly alleges that at some undisclosed point during his current detention at the Harris County Jail, he was sexually assaulted by another pretrial detainee, Byron Garrick. He contends that jail officers failed to protect him from the assault, and that Sheriff Gonzalez is liable because he is in charge of the jail and its employees and for enforcement of "zero tolerance" policies designed to protect pretrial detainees from sexual abuse. Plaintiff seeks monetary damages against Gonzalez.

## II. RULE 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a cause of action may be dismissed when the complaint fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must assert a plausible claim and set forth sufficient factual allegations to support the claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). A complaint need not set forth detailed factual allegations, but a plaintiff's obligation to provide grounds of entitlement to relief requires more than labels and conclusions. *Twombly*, 550 U.S. at 555. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible, sufficient to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556. Neither a "formulaic recitation of the elements of a cause of action" nor "naked assertions [of fact] devoid of further factual enhancement" is sufficient to withstand dismissal. *Iqbal*, 556 U.S. at 678.

In evaluating the challenged complaint, the court must accept as true all well-pleaded facts and view them in the light most favorable to the plaintiff, *In re Southern Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008), and resolve any ambiguities or doubts regarding the sufficiency of the claim in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, the court need not accept as true legal conclusions couched as factual allegations, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, at 678.

The court does not look beyond the face of the pleadings in determining whether a plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The complaint itself must contain either direct allegations on every material point necessary to sustain a recovery or "contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). A claim may not be dismissed based solely on the supposition that the plaintiff is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n.8.

Thus, to satisfy the standard under *Twombly* and *Iqbal*, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable under the

alleged claim. *Id*. The complaint must "nudge" the plaintiff's claims "across the line from conceivable to plausible." *Id*. at 680 (quoting *Twombly*, 550 U.S. at 570).

### III. ANALYSIS

The sole defendant named by plaintiff is Sheriff Gonzalez. In pleading his claims against Gonzalez, plaintiff alleges that Gonzales is liable "for any harm committed against the plaintiff person [*sic*] filing Civil Action." (Docket Entry No. 1-1, p. 5.) Plaintiff argues that Gonzalez is responsible for ensuring that policies protecting transgender detainees are enforced at the jail. *Id.*

A.  Supervisory Claims

Plaintiff argues that Gonzalez is a supervisory official who is responsible for all negligent and unlawful conduct of employees at the Harris County Jail.

It is well established that supervisory officials are not liable under section 1983 for the actions of subordinates on any theory of vicarious liability. A supervisory official must have been "personally involved in the alleged constitutional deprivation or have engaged in wrongful conduct that is causally connected to the constitutional violation." *Turner v. Lt. Driver*, 848 F.3d 678, 695–96 (5th Cir. 2017); *see also Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983) (noting that personal involvement is an essential element of a civil rights cause of action).

To establish supervisory liability under section 1983, plaintiff must allege either that defendant Gonzalez participated in acts that caused the constitutional deprivation or that he

4

implemented unconstitutional policies causally related to plaintiff's injuries. *See Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415, 421 (5th Cir. 2017). Supervisory liability exists without overt personal participation in an offensive act only if the supervisory official implemented a policy so deficient that the policy itself was a repudiation of constitutional rights and was the moving force of the constitutional violation. *Thompkins*, 828 F.2d at 304; *see also Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (holding that a supervisory official may be held liable under section 1983 for implementing an unconstitutional policy that causally results in a constitutional injury).

Plaintiff does not plead any factual allegations demonstrating that Gonzalez was personally involved in the incident made the basis of this lawsuit or that he implemented a policy so deficient that the policy itself was a denial of plaintiff's constitutional rights and the moving force of a constitutional violation.

Consequently, plaintiff pleads no factual allegations supporting a claim for supervisory liability, and no viable section 1983 claim against Gonzalez as a supervisory official is raised. Defendant Gonzalez is entitled to dismissal of plaintiff's claims.

B. <u>Official Capacity Claims</u>

Plaintiff also appears to name Gonzalez as a defendant in his official capacity. Because Gonzalez is employed by Harris County, plaintiff's official capacity claims against Gonzalez are actually claims against Harris County. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff's official capacity claims against Gonzalez must meet the pleading requirements of *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Under *Monell*, plaintiff must plead factual allegations establishing that Harris County had: (1) an official policy or custom, (2) attributed to a policymaker, (3) that was the moving force behind his constitutional injury. *Pineda v. City of Houston*, 291 F. 3d 325, 328 (5th Cir. 2002). Plaintiff here fails to identify an official policy, custom, or practice attributable to a policymaker that caused a constitutional injury, and no viable *Monell* claim is pleaded.

Moreover, plaintiff's conclusory allegation that Gonzalez failed to enforce a "zero tolerance" policy is unsupported by factual allegations. The fact that Garrick assaulted plaintiff does not, standing alone, support a viable claim against Gonzalez for failure to enforce any particular policy, custom, or practice.

Plaintiff pleads no factual allegations supporting a claim against Gonzalez in his official capacity, and no viable official capacity claim against him is raised. Defendant Gonzalez is entitled to dismissal of plaintiff's claims.

C. Failure to Protect

Plaintiff further claims that Gonzalez is liable under section 1983 because plaintiff was sexually assaulted in jail by pretrial detainee Garrick. Construed liberally, plaintiff's complaint raises a section 1983 claim against Gonzalez in his individual capacity for failure to protect.

Pretrial detainees have a due process right under the Fourteenth Amendment to protection from harm during their confinement. *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996); *see also Brumfield v. Hollins*, 551 F.3d 322, 327 (5th Cir. 2008). "It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994); *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006). However, this duty is a limited one. *Farmer*, 511 U.S. at 832–34. Constitutional protections mandate "reasonable" safety, not "absolute" safety. *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998). Every injury suffered by one prisoner at the hands of another does not amount to a constitutional violation by prison officials responsible for a prisoner's safety. *Farmer*, 511 U.S. at 834. The substantial risk and need for protection must be obvious to the custodial official in order to trigger the inmate's Fourteenth Amendment rights, and prison officials are not required to guarantee that no attack ever will occur. *See Newton*, 133 F.3d at 308.

To prevail on a failure to protect claim, a prisoner must show that he was incarcerated under conditions posing a substantial risk of serious harm and that the defendant was deliberately indifferent to his need for protection. *Farmer*, 511 U.S. at 832–34; *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). A prison official is deliberately indifferent to a prisoner's safety where the official is aware of a substantial risk of harm to the prisoner but disregards that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 847. To act with deliberate indifference, a prison official must be subjectively aware of

7

the risk; that is, he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. However, even if a prison official was subjectively aware of the risk, he may be found free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Id*. at 844. Only deliberate indifference will suffice to state a failure to protect claim; mere negligence is not sufficient. *Id*. at 837. The test for establishing deliberate indifference is one of subjective recklessness as used in the criminal law. *Id*. at 837.

The deliberate indifference standard is an extremely high standard to meet. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). The Fifth Circuit has declined to find deliberate indifference where an official "should have" inferred a risk posed to an inmate; the official must actually draw such an inference. *Adames v. Perez*, 331 F.3d 508, 514 (5th Cir. 2003).

Plaintiff does not allege that Gonzalez was at the jail on the date of the incident, or that he had knowledge of any threat that was made against plaintiff by Garrick prior to the incident. No allegation is made that plaintiff told Gonzalez he had been threatened before the assault occurred. In short, plaintiff does not allege or show that Gonzalez was subjectively aware of but disregarded a serious risk to plaintiff's safety before he was attacked by Garrick. Under these circumstances, plaintiff does not demonstrate that Gonzalez failed to protect him from harm with the requisite deliberate indifference.

Therefore, no viable claim for failure to protect is raised, and Gonzalez is entitled to dismissal of plaintiff's claims.

## IV. STATE LAW CLAIMS

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental or pendent jurisdiction over state law claims raised by a plaintiff when it has dismissed all claims over which it has original jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S.343, 350 (1988); *see also Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011). Because the Court is dismissing all of plaintiff's federal claims, it declines to exercise supplemental or pendent jurisdiction over any state law claims plaintiff may have raised in this lawsuit.

Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**. *See Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989).

## V. CONCLUSION

Defendant's motion to dismiss (Docket Entry No. 4) is **GRANTED**, and this lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted under section 1983. Any and all pending motions are **DENIED AS MOOT**. This dismissal constitutes a "strike" under section 1915(g).

The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order to the TDCJ – Office of the General Counsel, P.O. Box 13084,

Austin, Texas, 78711; and by e-mail to the Manager of the Three-Strikes List for the Southern District of Texas, at Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on this the _3rd_ day of April, 2020.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE